IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREA GALL,<br><br>    Defendant. | 4:19-CR-3117<br><br><br>ORDER |

The defendant has filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Filing 150. That section permits the Court to modify a term of imprisonment if the defendant—having exhausted her administrative remedies—shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A).

The Court will deny the defendant's motion, for two reasons. First, she doesn't allege exhaustion of her administrative remedies. *See* Section 3582(c)(1)(A) provides that the Court may reduce a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." And exhaustion of administrative remedies is mandatory. *See United States v. Milton*, 11 F.4th 597, 600 (8th Cir. 2021); *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).

Second, the only basis the defendant offers for a sentence reduction is her conduct while incarcerated. *See* filing 150. But rehabilitation by itself,

while commendable, isn't enough in the absence of another circumstance warranting a sentence reduction. *See* § 1B1.13(d). Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 150) is denied.

Dated this 11th day of September, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge